IN RE SILVESTRE CRUZ DISDIER, Respondent.

No. 73. Argued June 14, 1949.—Decided July 29, 1949.

*Silvestre Cruz Disdier, pro se* and *C. H. Juliá, F. Colón Gordiany, Ángel Piñero, Vicente Hita, Jr., F. M. Susoni, Jr., A. Mieres Calimano* and *Ernesto J. Fonfrías,* for respondent. *J. Rivera Barreras, Fiscal of the Supreme Court,* and *F. Fornaris, Jr., Assistant Fiscal,* for The People.

PER CURIAM: This is a disbarment proceeding against Silvestre Cruz Disdier who was admitted to the bar on May 11, 1928 and as notary on May 11, 1929. According to the oral and documentary evidence presented at the hearing, the facts which we consider proved, according to the allegations in the complaint, may be summarized thus:

Mercedes Torres González, who had been residing in the United States for nearly three years, married Modesto García on August 14, 1946 in the City of New York. On March 5, 1947 she came to Puerto Rico with her mother. When she left New York she had quarrelled with her husband, and on her arrival in Puerto Rico, she received a letter from him in which he told her to file an action for divorce. Mercedes went to see Attorney Rubén Gaztambide Arrillaga of Río Piedras and showed him the letter from her husband in which he asked for the divorce. Mercedes asked Attorney Gaztambide to divorce them but he refused. He told her that unless she complied with the requirement of one-year residence in Puerto Rico he could not file a divorce suit because she had to have one year's residence in the Island. Mercedes then went to the office of Attorney Silvestre Cruz Disdier, who upon learning the facts of the case, offered to divorce her if she would testify in court, upon being examined, that she had one-year residence in the Island. Accordingly, Attorney Cruz Disdier filed the divorce suit on August 25, 1947 in the District Court of San Juan, Civil Case No. 5880, in the name of Mercedes Torres against Modesto García. After alleging that the plaintiff and the defendant married in the city of New York on August 14, 1946 the complaint contained the following allegations:

"3. That on the day following their marriage, August 15, 1946, they came to Puerto Rico intending to stay and live in Puerto Rico forever. But four days after having arrived, the defendant returned to the United States, that is, on August 19, 1946, without the plaintiff having any knowledge of his trip, abandoning her forever against her will.

"

"5. That the plaintiff and the defendant had no children, no conjugal properties and the defendant (sic) has lived in Puerto Rico one year prior to the filing of the complaint."

It is obvious that respondent included these allegations in the complaint for the purpose of making it appear, under paragraph 3, that the ground of abandonment, as alleged, originated in Puerto Rico; and under paragraph 5, to comply with the requisite of one year residence,[1] knowing by the information given to him by Mercedes Torres García that those facts were false. To make matters worse, on the day of the hearing, before leaving for the court and in the very house of the plaintiff knowing that the facts as alleged in the complaint were false, he instructed the plaintiff in the following manner, according to her own testimony in this Court:

"A. Two hours before the trial I was sitting in my home, in the living room, together with Victor and when he arrived he sat in front of me and told me: 'You are going to testify that you have one year's residence in Puerto Rico; you are also going to testify that your husband came with you and abandoned you; that he went to the house of his family in Trujillo and a few days later left for the United States'; that I should say that his family had told me that he had left for the United States. He told me all this in my own living room in front of Victor.

"Q. Did he say anything to Victor?

"A. 'You are going to say that you knew Modesto García and that you saw him on the streets of Hato Rey two or three days after he arrived here and that García had told him: 'My wife does not know that I am leaving. I am going and she will never see me again'."

The complaint was granted on January 16, 1948 on the plaintiff's evidence after defendant's default was entered.

Mercedes Torres González intended to purchase a small house, and on the day after she had visited respondent for

---

[1] See, however, paragraph 2 of § 97 of the Civil Code (1930 ed.) as amended by Act No. 118 of 1942, (Sess. Laws, p. 699).

the first time, as well as attorney Gaztambide, she went again to Cruz Disdier in order to purchase a house belonging to Margarita Rivera Cotés. In the deed executed on that same day, July 15, 1947, Cruz Disdier, who had already promised on the previous day to divorce Mercedes if she was willing to testify in court that she had more than one year residence in Puerto Rico, made it appear that she was unmarried knowing that she was married. Likewise, and in the same deed which was executed under No. 91 on that same day, he made it appear as if the vendor Margarita Rivera de Cotés, whom he long knew and was aware that she was married, was also unmarried, notwithstanding the fact that on October 18, 1946 by deed No. 146 of that date executed before the respondent, he attested that Margarita Rivera de Cotés was married to Lucas Cotés, and upon preparing the aforesaid deed No. 91 he had before him deed No. 146 for reference.

 Respondent's acts in stating knowingly false facts in the complaint constitute professional misconduct and a violation of Canon 22 of Professional Ethics in that part which provides: "It is unprofessional and dishonorable to deal other than candidly with the facts in taking the statements of witnesses, in drawing affidavits and other documents, and in the presentation of causes."

 And his action in coaching plaintiff Mercedes Torres González as well as her witness to testify to the effect that plaintiff had more than one year residence in Puerto Rico, and that defendant had been seen on the streets two or three times after having arrived and that he had stated that he was leaving Puerto Rico and that his wife would never see him again, constitutes subornation of perjury and is a violation of that part of the oath which he took upon being admitted to the bar which reads:

"I will employ for the purpose of maintaining the causes confided in me such means only as are consistent with truth and

honor, and will never seek to mislead the judge or jury by any artifice or false statement of fact or law." *In re Longchamps,* 65 P.R.R. 444.

██ Respondent's acts in making it appear in deed No. 91 authorized by him on July 15, 1947 that Mercedes Torres González, the purchaser, was unmarried, when he knew and was aware that she was married, and making it appear that Margarita Rivera de Cotés, the vendor, was unmarried, when respondent knew that she was married to Lucas Cotés, who together with his wife Margarita Rivera had appeared on October 18, 1946 in deed No. 146 authorized by respondent himself, the latter being aware therefore that the property sold to Mercedes Torres González belonged to the conjugal partnership of Margarita Rivera de Cotés and her husband Lucas Cotés, and that she was not conveying a good title to the purchaser because the vendor's husband did not appear in the deed, constitute in addition to violations of § 16 of the Notarial Acts a gross negligence in the office of attorney.

For the aforesaid reasons the petition is granted and the respondent is disbarred from practice as attorney and notary.